UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAPOLA MARTIN,<br><br>         Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. and ALEX TAYLOR,<br><br>         Defendant. | Case No.: 17CV754 BEN (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER** |

On March 7, 2018, Defendant Home Depot U.S.A., Inc. and Plaintiff Amapola Martin filed a Joint Unopposed Motion to Amend the Scheduling Order. (ECF 20.) The parties seek to continue the remaining dates in the Scheduling Order[1] by 90 days to allow Defendant Home Depot additional time to incorporate information obtained from Plaintiff's remaining deposition session(s) into an anticipated motion for summary judgment. (*Id.* at 7, 10-12.) However, fact discovery closed on December 8, 2017. (ECF 17.) The parties' unapproved delays in completing discovery within the schedule set by the Court do not justify a 90-day extension of all remaining deadlines.

///

---

[1] The first deadline the parties seek to continue is the date to file pretrial motions.

1

The Court amends the Scheduling Order as follows:

1. All pretrial motions must be filed by **May 23, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

2. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

3. The Mandatory Settlement Conference remains set for **July 9, 2018** at **1:30 p.m.** in the chambers of **Magistrate Judge Bernard G. Skomal**. All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[2] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case. All parties are ordered to read and to fully

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

comply with the Chamber Rules of the assigned magistrate judge.

4. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **June 25, 2018**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. The briefs should not repeat facts or law contained in the Complaint or Answer. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

5. For bench trials before the Honorable Roger T. Benitez, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **August 27, 2018**. In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

6. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **August 27, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

7. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **September 3, 2018**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

///

8. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **September 10, 2018**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 17, 2018**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

10. The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **September 24, 2018** at **10:30 a.m.**.

**IT IS SO ORDERED.**

Dated: March 19, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge