FILED
DEC 11 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AMAPOLA MARTIN,

    Plaintiff,

v.

HOME DEPOT U.S.A. INC.;
ALEX TAYLOR; and
DOES 1-10, inclusive,

    Defendants.

Case No.: 3:17-cv-0754-BEN-BGS

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**[Doc. 22]**

This is an employment discrimination and retaliation lawsuit. Plaintiff Amapola Martin brings twelve claims against Defendants Home Depot U.S.A. Inc. and her former supervisor, Alex Taylor, related to the termination of her employment. Home Depot and Taylor move for summary judgment on all of Martin's claims. Doc. 22. For the following reasons, Defendants' motion for summary judgment is **GRANTED IN PART.**

## I.    BACKGROUND

On February 15, 2017, Martin filed suit in the Superior Court of California, County of San Diego for twelve claims arising out of her employment relationship with Home Depot. In her Complaint, Martin brings Count 11 for violation of both California state and federal law under the California Family Rights Act ("CFRA") and Family and Medical Leave Act of 1993 ("FMLA."). Martin brings her remaining eleven claims under California state law. On April 14, 2017, Defendants removed the action to this Court based on the Court's federal question jurisdiction over Martin's federal FMLA claim and

supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. §§ 1441(c) and 1367(a).

## II. UNDISPUTED FACTS[1]

Martin began working as a sales associate for Home Depot on September 25, 1986. Around September 2013, Martin applied to an open hourly Associate Support Department Supervisor ("ASDS") position at Home Depot's Fairmont location. Around February 2015, Home Depot hired Alex Taylor as the Fairmont location's store manager. In early September 2015, Martin submitted a formal complaint about Taylor's conduct to the Associate Advice and Counsel Group ("AACG") and to District Human Resources Manager ("DHRM") Courtney Krukow. Over a one-week period, the AACG investigated and interviewed several Home Depot employees about Martin's complaints and concluded that Martin's allegations about Taylor's conduct were "not substantiated." Shortly after the AACG's findings, on September 30, 2015, Martin informed Home Depot's Employee Relations staff that she was taking a medical leave of absence. [Ex. 1, p. 202, Martin 000931]. On January 27, 2016, after approximately four months of leave, Martin returned to her ASDS position at the Fairmont store.

On July 11, 2016, Assistant Store Manager Theresa Ruis reported to the AACG her belief that Martin lacked manager approval for two schedule changes Martin made in early July 2016. [Ex. 1, p. 389 HD 000789]. The AACG opened a formal investigation, which included interviewing Martin and several employees, as well as taking Martin's written

---

[1] The following factual background is drawn from the relevant admissible evidence submitted by the parties. Defendants filed numerous objections to evidence relied upon by Martin. However, because the Court need not rely upon the particular underlying evidence in deciding Defendants' motion, Defendants' objections are **OVERRULED as moot**. *See, e.g., Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009) ("In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised.").

statement. On July 20, 2016, the AACG sent a message to DHRM Lisa Ference with its findings,[2] including recommending termination of "Martin's employment with [Home Depot] for a major work rule violation of the company standards of performance for integrity: creating, performing or authorizing a transaction for oneself. . . . [and] falsifying, altering, destroying or misusing a Company document." [Ex. 1, p. 389, HD000789]. Ference then reviewed Martin's personnel file and the AACG's findings, and on July 22, 2016, Home Depot terminated Martin's employment.

## III. DISCUSSION

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In determining whether to grant or deny summary judgment, it is not a court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Rather, a court is entitled to rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment." *See id.* "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *City of Pomona*, 750 F.3d at 1049.

### A. The CFRA and FMLA (Count 11)

Defendants move for summary judgment on Martin's Count 11 for violation of the CFRA and the FMLA. Because it is the sole basis for federal jurisdiction in this case, the Court first addresses the FMLA claim. Under the FMLA, employees are entitled to two

---

[2] Prior to the investigation, Home Depot replaced Krukow with Ference.

interrelated substantive rights. First, an employee has the right to take up to twelve weeks of leave for the qualifying reasons outlined in 29 U.S.C. § 2612(a), provided they have worked for the covered employer for 12 months. *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001); *see also* 29 U.S.C. § 2612(a). Second, an employee who takes FMLA leave has the right to be restored to her original position or to a position equivalent in benefits, pay, and conditions of employment upon return from leave. *Id.*

Defendants argue summary judgment is warranted on the FMLA claim because Martin was not entitled to additional intermittent leave after already taking approximately four months of leave in the prior 12-month period, citing to Home Depot's Leave of Absence Policy. Martin does not disagree. *See* Doc. 29, p. 20. Instead, Martin responds by citing Paragraph 28 of her Complaint to show how Home Depot violated the FMLA:

> Mr. Taylor's conduct forced [her] to go on medical leave of absence in or around September 30, 2015 because she was so stressed and it was affecting her physical and mental health.[3] While [she] was on medical leave she was told by her physician to rest, yet the Home Depot DHRM continued to contact [her] to discuss work.[4] During the time when [she] was on leave, her position was posted a couple of times and offered to another employee in violation of CFRA and FMLA. While [Martin] was away, another employee was given the login information for another ASM in order to perform [Martin's] ASDS position.

Complaint, ¶ 28 (emphasis added). Martin, however, does not support the cited factual allegations from her Complaint with citation to the record. *See, e.g., Nelson v. Pima*

---

[3] It is unclear about whether Martin intends to convey that Taylor forced her to take a medical leave or simply, that due to her distress because of Taylor's alleged misconduct, Martin personally felt she needed to take a medical leave. Regardless, Martin fails to support her allegations with any citations to the record. *See, e.g., Nelson v. Pima Community Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

[4] Again, Martin fails to identify any evidentiary support for her allegation that Home Depot contacted her about work during her FMLA leave. Thus, the Court need not consider this allegation.

4

*Community Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Martin goes on to contend only that Home Depot's motion must fail because Home Depot does not refute her allegations that it violated the FMLA by (1) trying to fill her position when she was gone and (2) failing to offer the accommodations she sought to take care of her husband. Doc. 29, p. 20. Again, however, Martin fails to cite any evidentiary support for those allegations. *See, e.g., Keenan*, 91 F.3d at 1279 (A court is entitled to rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment.").

Martin appears to bring her FMLA claim as an "interference claim," *see* 29 U.S.C. § 2615(a)(1), because she alleges Home Depot violated the FMLA by posting her position, having another employee perform her ASDS job functions during her leave, and denying the accommodations she allegedly sought to take care of her husband. *See* Doc. 29, p. 20. To establish her interference claim, Martin must show "(1) [s]he was eligible for the FMLA's protections, (2) h[er] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of her intent to take leave, and (5) h[er] employer denied h[er] FMLA benefits to which [s]he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Based on the parties' statements of fact, the Court can discern only the following supported factual allegations relevant to Martin's FMLA claim:

(1) Following the AACG's finding that Martin's complaints about Taylor were "not substantiated," Martin took a medical leave of absence, which lasted from late September 2015 until January 27, 2016.
(2) Martin returned to her ASDS position on January 27, 2016 where she worked until Home Depot terminated her employment on July 22, 2016.[5]

---

[5] Importantly, Martin contends Home Depot terminated her employment based on her gender and age and in retaliation for her complaints about Taylor's allegedly discriminatory conduct, not in retaliation for taking a medical leave of absence. *See, e.g.,* Doc. 29, p. 17.

5

Accordingly, Martin fails to carry her burden. First, the Court can discern no facts concerning the alleged "accommodations that she sought to take care of her husband." Thus, the Court rejects this allegation as unsupported by the record. Second, the Court can discern no facts concerning Home Depot's alleged attempts to fill her position while Martin was on leave. Again, Martin fails to identify any portions of the record that support her allegations.

Still, even assuming Home Depot did post her position and/or did have someone perform her job functions during her leave, Martin fails to explain how such conduct violates the FMLA. *See, e.g., Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) ("The right to reinstatement . . . is the linchpin of the entitlement theory because the FMLA does not provide leave for leave's sake, but instead provides leave with an expectation that an employee will return to work after the leave ends."). Martin raises no evidence or argument that Home Depot failed to reinstate her after her leave. *See id.* ("[E]vidence that an employer failed to reinstate an employee who was out on FMLA leave to her original (or an equivalent) position establishes a prima facie denial of the employee's FMLA rights."). Rather, the undisputed facts show that Home Depot returned Martin to her original ASDS position immediately upon the conclusion of her medical leave on January 27, 2016. *Cf. Rodriguez v. Akima Infrastructure Svcs., LLC*, 2017 WL 2214612, at *8 (N.D. Cal. May 19, 2017) (analyzing plaintiff's interference claim based on her allegation that "defendants violated the FMLA when they failed to reinstate her to her former position."). Thus, on the present record, no reasonable jury could find that Home Depot denied Martin the FMLA benefits to which she was entitled. Accordingly, the Court **GRANTS** summary judgment on Martin's Count 11 as to the FMLA violation, only, in favor of Home Depot.

### B. Remaining State Law Claims (Counts 1-12)

Martin brings her remaining twelve claims under California state law.[6] Martin's state law claims are before the Court based on supplemental jurisdiction.[7] *See* 28 U.S.C. § 1367(a). The Court exercises its discretion to **REMAND** the case to state court. *See* 28 U.S.C. § 1367(a) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.").

## IV. CONCLUSION

For the previous reasons, Defendants' motion for summary judgment, Doc. 22, is **GRANTED IN PART**. Summary judgment is **GRANTED** in favor of Home Depot on Count 11 as to the FMLA claim, only. In its discretion, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the present action is **REMANDED** to the Superior Court of the State of California, County of San Diego for all further proceedings.

DATED: December //, 2018

HON. ROGER T. BENITEZ
United States District Judge

---

[6] Count 11 includes both a federal (the FMLA) and state (the CFRA) claim. Because the Court granted summary judgment on only the FMLA portion of Count 11, part of Count 11 remains, and thus, twelve state law claims are still pending.

[7] There is no diversity of citizenship because all parties are citizens of California. *See* Doc. 1, p. 16 ¶¶ 1-3.